## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARY ANN HECKMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2435-KHV |
| **ZURICH HOLDING COMPANY** ) | |
| **OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## PROTECTIVE ORDER

In discovery, the parties may be producing certain documents and information of a confidential nature. They seek a protective order under Rule 26, Fed. R. Civ. P., limiting the use and dissemination of confidential materials.

IT IS HEREBY ORDERED:

1. "Confidential Information," as used herein, means any documents or information containing privileged attorney-client communications, or work product material, or containing trade secrets and confidential customer information and sales figures designated as "confidential," whether it be a document, information contained in a document, testimony, transcripts or any form of information or computer data. Where practical, Confidential Information shall be designated by stamping or marking or otherwise designating each page of the document "CONFIDENTIAL."

2. Confidential Information and information derived therefrom may only be disclosed or made available to the following "Qualified Persons:"

    a. the parties to this action, their employees and representatives;

    b.    counsel to the parties in this action and persons regularly employed by such counsel;

    c.    independent investigators, experts or consultants retained by counsel to the parties, whose access to and review of that particular confidential information is necessary to the prosecution or defense of this action;

    d.    the Court, its employees and agents, court reporters and their agents in depositions, hearings or trial in this action;

    e.    any person serving as juror in this action;

    f.    any person testifying at any hearing or trial in the Court concerning any Confidential Information admitted into evidence; and

    g.    any other person designated by the Court after notice and hearing to all parties, or any other person designated by agreement of the parties.

3.    Before counsel provide any person access to Confidential Information, counsel shall advise such person of the existence and content of this Order and provide the person a copy of this Order. Each person to whom disclosure is made shall review the terms of this Order and agree in writing to be bound by its terms, and a copy of those writings shall be supplied to opposing counsel at the conclusion of this litigation. The provisions of this paragraph shall not apply to individuals referenced above in paragraphs 2(d), 2(e) and 2(f).

4.    The parties shall maintain Confidential Information in confidence and will not reveal or disclose any Confidential Information to any person who is not a Qualified Person without the prior written consent of all parties or an order by the Court authorizing such

disclosure. Confidential Information shall be used only for purposes of this action (not any other arbitral, judicial or other proceeding) and for no other purpose whatsoever and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person except as provided herein.

5. In the event counsel disagree with any designation of Confidential Information under paragraph 1 or consider it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the parties shall confer and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information should be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Order, until otherwise agreed to by the parties or ordered by the Court.

6. Confidential Information disclosed to opposing counsel may be copied only to the extent necessary to permit its use in accordance with the terms of this Order. At the conclusion of this action (including appeals, if any), upon request, all Confidential Information, and all documents containing Confidential Information, shall be returned to opposing counsel, together with all copies, extracts and summaries of such material.

7. The disclosure of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the party's right to designate such document or information as Confidential Information, and if so designated, the document or information shall thenceforth be treated as Confidential

Information subject to all the terms of this Order.

8. In the event that any Confidential Information is used in any pleading or Court proceeding, such information shall lose its confidential status unless the Court sustains a timely motion to seal the pleading or record of the proceeding. Any party seeking to file Confidential Information under seal must file a motion with the Court and be granted leave to file the particular document under seal. See, e.g., Holland v. GMAC Mortgage Corp., No. 03-2666-CM, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file document under seal); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) (same).

9. This Order shall be binding on all parties to this action and all non-parties who agree in writing to be bound by its terms.

10. The terms of this Order shall survive and remain in full force and effect after the termination of this action.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge